1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EPIC CAPITAL HOLDINGS, INC.,

11              Plaintiff,                        Case No. 2:13-cv-0196 GEB DAD PS

12        vs.

13   RONALD CHRISTENSEN;                          FINDINGS AND RECOMMENDATIONS
     KATHLEEN CHRISTENSEN,

14

15              Defendants.

16   _____/

17          By Notice of Removal filed February 1, 2013, this unlawful detainer action was

18   removed from the Sacramento County Superior Court by defendants Ronald Christensen and

19   Kathleen Christensen, who have requested leave to proceed in forma pauperis and who are

20   proceeding pro se.  Accordingly, the matter has been referred to the undersigned for all purposes

21   encompassed by Local Rule 302(c)(21).

22          It is well established that the statutes governing removal jurisdiction must be

23   "strictly construed against removal."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064

24   (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).  See also

25   Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v.

26   Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "Federal jurisdiction must be rejected if

1

1  there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d

2  564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party

3  invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.

4  1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)). See also

5  Provincial Gov't of Martinduque, 582 F.3d at 1087. In addition, "the existence of federal

6  jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to

7  those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d

8  1108, 1113 (9th Cir. 2000). Where it appears, as it does here, that the district court lacks subject

9  matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

10          In removing this action, defendants allege that "Federal question jurisdiction

11  exists because Defendants' demurrer, a pleading depend (sic) on the determination of

12  Defendants' rights and Plaintiff's duties under federal law." (Notice of Removal (Doc. No. 1) at

13  3.) Specifically, defendants Ronald Christensen and Kathleen Christensen allege that plaintiff

14  has "failed to comply" with 12 U.S.C. § 5220. (Id.)

15          It is evident, however, from a reading of plaintiff's complaint that this is nothing

16  more than a garden-variety unlawful detainer action filed against the former owner of real

17  property located in California and that it is based wholly on California law. As such, the

18  complaint does not involve any "claim or right arising under the Constitution, treaties or laws of

19  the United States" that would have permitted plaintiff to file this action originally in federal

20  court. See 28 U.S.C. § 1441(b). Moreover, it is evident from defendants Notice of Removal that

21  any federal claims in this action arise solely from defendants' own affirmative defenses and not

22  from the plaintiff's unlawful detainer complaint. See ARCO Envtl. Remediation, LLC, 213 F.3d

23  at 1113. Thus, defendants have failed to meet their burden of establishing a basis for federal

24  jurisdiction over this action.

25          Accordingly, IT IS RECOMMENDED that this action be summarily remanded to

26  the Sacramento County Superior Court and that this case be closed.

1    These findings and recommendations will be submitted to the United States

2  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

3  fourteen days after being served with these findings and recommendations, any party may file

4  written objections with the court and serve a copy on all parties.  A document presenting

5  objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

6  Any reply to objections shall be filed and served within seven days after service of the objections.

7  The parties are advised that failure to file objections within the specified time may waive the

8  right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED: April 8, 2013.

10

11  _____

12  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

13

14

15  DAD:6
    Ddad1\orders.pro se\epic0196.ud.f&rs
16

17

18

19

20

21

22

23

24

25

26